## Low *v.* Barstow Stove Co.

### Same *v.* Magee Furnace Co.

*(Circuit Court, D. Massachusetts. December 10, 1888.)*

**1. Patents for Inventions—Patentability—Ornamental Tiles.**
The claim in letters patent No. 336,242, issued February 16, 1886, to John G. Low, for "an improvement in the art of decorating surfaces, consisting in applying thereto, by pins or screws passing through holes in the tile, ornamental tiles of appropriate patterns," is void for want of invention, though limited by the specifications to rosette tiles, perforated through their geometrical center, attached with round-headed screws, which harmonize with the rosette.

**2. Same.**
Letters patent No. 336,243, issued the same day to the same patentee, for "a medallion tile, formed with a rabbet upon its edge, and glazed into the rab-

bet, in combination with a perforated plate suited to the contour of the projecting medallion, and with suitable backing to the tile attached to said perforated plate," are also void for want of invention.

In Equity. Bills for infringement of patents.

*T. W. Clarke*, for complainant.

*David A. Burr*, for defendants.

COLT, J. These suits are brought on two letters patent, granted February 16, 1886, to the complainant, John G. Low, for improvements in the art of tile decoration. The claim in patent No. 336,243 is as follows:

"As an improvement in the art of decorating metallic or other surfaces, a medallion tile, formed with a rabbet upon its edge, and glazed into the rabbet, in combination with a perforated plate suited to the contour of the projecting medallion, and with suitable backing to the tile attached to said perforated plate, substantially as and for the purposes described."

The claim in patent No. 336,242 is as follows:

"An improvement in the art of decorating surfaces to be ornamented, consisting in applying thereto, by pins or screws passing through holes in the tile, ornamental tiles of appropriate patterns, and glazed to their bases, substantially as and for the purpose described."

The main defense to these patents is want of invention. I have carefully considered all that has been urged in support of the validity of these patents, and I am unable to find any invention in them, in view of the prior state of the art. Both of the patents may describe tiles which present a very pleasing and artistic appearance to the eye, but it does not follow from this that it required, in the sense of the patent law, the exercise of the inventive faculty to produce them. The improvement described in patent No. 336,243 consists in making the tile medallion in form, with a rabbet upon its edge, and glazed into the rabbet, in combination with a perforated plate and backing to attach the tile to the plate. Now, it is proved beyond question that a square tile, formed with a rabbet, and glazed into the rabbet, in combination with a perforated plate and suitable backing, was in use at the time Low made his alleged invention. It may also be said that a round medallion without the rabbeted edge was old at this time. Under these circumstances, the changing of a square tile with a rabbeted edge to a round or medallion tile with a rabbeted edge, involved no such exercise of the inventive faculty as entitles the party to a patent under the law. As for patent No. 336,242, the claim appears to be broad enough to cover any ornamental tiles glazed to their bases through which are applied pins or screws, but the complainant contends that this claim is limited by the specification and drawings to rosette tiles, perforated through their geometrical center, attached with round-headed screws or pins, which harmonize with the rosette. But, as thus limited, the claim is manifestly void for want of invention. It was old in the art to attach porcelain or earthen knobs, and shields of various forms, glazed to their base, to articles by means of screws or pins passing through holes in their center or upon their sides.

In view of this there was no inventive skill required to decorate a surface by applying thereto a perforated rosette tile, glazed to its base, and secured by a pin or screw passing through a hole in its center or elsewhere. For these reasons, and without entering upon the other defenses raised, the bills should be dismissed.